UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CRIMINAL NO. 11-10071-RWZ

UNITED STATES OF AMERICA

v.

RAMAN HANDA


MEMORANDUM OF DECISION AND ORDER

September 11, 2017


ZOBEL, S.D.J.

On July 19, 2017, this court allowed defendant Raman Handa's Motion to Dismiss the [First] Indictment for Violation of the Defendant's Sixth Amendment Speedy Trial Right. Docket # 54. Handa now moves to dismiss count 13 of the superseding indictment that charges him with the same twelve counts in the first indictment as well as one new count charging bank fraud, in violation of 18 U.S.C. § 1334. Docket ## 56, 59. He argues that the superseding indictment should be dismissed with prejudice because it violates both his Sixth Amendment right to a speedy trial and the due process clause of the Fifth Amendment.

**I.     Procedural Background**[1]

    **A.     Dismissal of the First Indictment**

On March 3, 2011, a grand jury returned the initial indictment that charged defendant with twelve counts of wire fraud in violation of 18 U.S.C. § 1343 allegedly committed in 2007. The indictment alleges that defendant, with the assistance of others, knowingly made fraudulent inventory entries in the Alpha Omega computer system in order to expand the company's borrowing base, which allowed the company to receive additional financing from subsidiaries of Bank of America, N.A. and LaSalle Bank Midwest, N.A. On February 22, 2017, the government arrested defendant upon his arrival in Los Angeles, California. Defendant asserted his Sixth Amendment right to a speedy trial during his arraignment on March 16, 2017, and moved to dismiss the 2011 indictment, arguing that the government's near six-year delay to prosecute him violated his constitutional right. Docket # 22. I found that "the government cannot be credited with undertaking any serious efforts to pursue the case. Instead, it waited until defendant returned to this country—almost three years after its last attempt—to arrest him. The record supports the conclusion that the near six-year delay here was due to the government's negligence." Docket # 54, at 6. Accordingly, defendant's motion to dismiss the initial indictment was allowed. Docket # 55.

    **B.     The Superseding Indictment**

When defendant asserted his Sixth Amendment right at his March 2017 hearing, the court set a briefing schedule for such a motion. Docket # 16. Defendant filed his

---

[1] The relevant underlying facts regarding the charges brought against defendant and the time period following the 2011 indictment are set forth in detail in the order allowing defendant's motion to dismiss the initial indictment, Docket # 54, and will not be repeated here.

motion to dismiss the initial indictment for violation of his Sixth Amendment right to a speedy trial on April 14, 2017. Docket # 22. On April 26, 2017, two days prior to the deadline for the government's responsive brief, the government filed a superseding indictment that included the same twelve counts as the first and added one new bank fraud count. Docket # 27. The general factual allegations of the two indictments are nearly identical, and the new bank fraud count relies on the same 2007 fraud scheme alleged in the initial indictment. The only additional allegations in the superseding indictment pertain to the corporate structure of the subsidiary banks and an allegation that "[b]oth LaSalle Bank Midwest, N.A. and Bank of America, N.A. were federally-insured financial institutions as defined in 18 U.S.C. § 20." Docket # 27, at ¶ 7.[2]

## II. Analysis

Defendant now moves to dismiss the count 13 in the superseding indictment on several grounds. Docket ## 56, 59. First, he argues that the superseding indictment suffers from the same constitutional defects as the initial indictment and thus "does not cure the earlier violation of Mr. Handa's Sixth Amendment rights." Docket # 56, at 3.

---

[2] As discussed below, I do not reach the merits of defendant's vindictive prosecution claim. Nonetheless, I address an important factual dispute presented in connection with that argument. The government contends that it "did not have the requisite evidence to charge bank fraud at the time it brought the initial indictment." Docket # 73, at 14. It claims that it charged a superseding indictment "as a result of the additional investigation conducted," that established that Bank of America, N.A. and LaSalle Bank Midwest N.A. were "federally insured," which, it alleges, was "something that had not been previously established." Id. at 3. The record belies this contention. Compare Docket # 76-3, at 3 (government's 2008 application for search warrant of Alpha Omega includes an affidavit by an FBI agent that states she is "currently assigned to an investigation into alleged criminal violations of Title 18 U.S.C. § 1344, bank fraud, and other statutes by [defendant] and members of his family."); id. at 6 ("LaSalle Retail Finance, a Division of LaSalle Business Credit, LLC, which is a subsidiary of LaSalle Bank, a federally insured financial institution"); id. at 7 ("Bank of America is a federally insured financial institution."), with Docket # 27, at ¶ 5 (superseding indictment alleges that "LaSalle Retail Finance was a division of LaSalle Business Credit LLC, which was a wholly owned subsidiary of LaSalle Bank Midwest, N.A. [], a national bank with offices in Chicago, Illinois and elsewhere."); id. at ¶ 7 (superseding indictment alleges that "[b]oth LaSalle Bank Midwest, N.A. and Bank of America, N.A. [the parent companies—not its subsidiaries] were federally-insured financial institutions as defined under 18 U.S.C. § 20."). Accordingly, I do not credit the government's explanation.

He also argues that the superseding indictment should be dismissed for pre-indictment delay and prosecutorial vindictiveness, both of which he alleges violates the due process clause of the Fifth Amendment.

I do not reach the merits of defendant's due process arguments because I find that he prevails on his Sixth Amendment claim. The dispute hinges on how the court should calculate the length of delay for purposes of the Sixth Amendment analysis under Barker v. Wingo, 407 U.S. 514, 530 (1972). Defendant argues that United States v. Irizarry-Colon, 848 F.3d 61 (1st Cir. 2017), controls and that the court should calculate the length of delay starting from the March 2011 indictment. If Irizarry-Colon applies, and the length of delay is calculated from the initial indictment in 2011 (nearly six years), then defendant has established a presumption of prejudice sufficient to trigger the remaining analysis under Barker. See United States v. Carpenter, 781 F.3d 599, 610 (1st Cir. 2015). The government argues, however, that Irizarry-Colon is inapplicable because it "involved indictments that charged the same criminal violations in the first indictment and the fourth," and unlike the facts here, "did not consider . . . whether new criminal charges subsequently added in a superseding indictment should be viewed in the same light for constitutional speedy trial purposes as those criminal violations alleged in the initial indictment." Docket # 64, at 3. In other words, the government seeks to have the court calculate the length of the delay starting from the filing of the superseding indictment, i.e., April 2017, which, it argues, would not trigger the Barker analysis.

The government's argument is unpersuasive. The First Circuit explicitly held that "the district court should count the entire period of time since the first indictment when

4

calculating the length of delay for the first Barker factor." Irizarry-Colon, 848 F.3d at 70. In Irizarry-Colon, the government filed three superseding indictments against the defendant. 848 F.3d at 63–64. The second indictment included "thirty-five of the thirty-seven counts in the first indictment as well as seven new counts charging bank fraud, in violation of 18 U.S.C. § 1344." Id. at 64. "The third indictment charged the same counts as the second but with the bank fraud counts removed . . . ." Id. The fourth indictment was identical to the third. Id. Nothing in the discussion in Irizarry-Colon supports the government's argument that the court's holding turned on the fact that the fourth superseding indictment contained the same charges as the initial indictment (less two counts). Indeed, the Irizarry-Colon court relied on the Supreme Court's calculation of delay in United States v. Loud Hawk, 474 U.S. 302 (1986), which involved a superseding indictment that included a new charge. See Irizarry-Colon, 848 F.3d at 69 (explaining that the court in Loud Hawk "treated the entire ninety-month period between the initial indictment and the dismissal just prior to trial as the period of delay under the first factor, triggering the full Barker analysis."); see also United States v. Loud Hawk, 564 F. Supp. 691, 694 (D. Or. 1983) (initial indictment included charges of possession of unregistered destructive device and firearms whose serial numbers had been removed, and one count of felon in possession of firearms); United States v. Loud Hawk, 628 F.2d 1139, 1143 (9th Cir. 1979) (superseding indictment included same possession and felon in possession counts, and one new charge against defendant Loud Hawk "with wilfully [sic] transporting weapons in interstate commerce . . . ."). Thus, here, when "count[ing] the entire period of time since the first indictment," Irizarry-Colon, 848 F.3d at 70, I find that defendant has sufficiently met the first threshold factor

5

under Barker.

Accordingly, the same analysis and conclusions regarding the remaining Barker factors set forth in the court's memorandum of decision and order dated July 19, 2017 (Docket # 54) apply to Count 13 of the superseding indictment.

III. **Conclusion**

Defendant's Motion to Dismiss Count 13 of the Superseding Indictment (Docket #56) is ALLOWED with prejudice. I therefore decline to rule on Defendant's Motion to Dismiss Count 13 of the Superseding Indictment Based on the Appearance of Improper Motive for the Additional Charge in Violation of Due Process (Docket # 59). Judgment may be entered dismissing the Superseding Indictment with prejudice.

The United States's Motion [For] Leave to File Sur-Reply to Defendant's Reply to Government's Opposition to Defendant's Motion to Dismiss Count 13 of the Superseding Indictment for Pre-Indictment Delay and Vindictive Prosecution (Docket # 79) is ALLOWED.

|  |  |
|---|---|
| September 11, 2017 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | SENIOR UNITED STATES DISTRICT JUDGE |